## ALEXANDER v. UNITED STATES.
### Civ. A. No. 2395.

United States District Court
E. D. South Carolina, Columbia Division.
May 30, 1951.

Kale R. Alexander, Columbia, S. C., for plaintiff.

Ben Scott Whaley, U. S. Atty., Charleston, S. C., Claud N. Sapp, Jr., Asst. U. S. Atty., Columbia, S. C., for defendant.

WYCHE, Chief Judge.

This is an action under the Federal Tort Claims Act, brought by plaintiff's administrator to recover damages from the United States of America for the wrongful death of L. O. Harris, deceased, caused by the injuries received on the 29th of August, 1948. The suit is predicated on alleged acts of negligence of Corporal Johnnie T. Mims and Private Oscar Suggs, Jr. of the United States Army.

Besides what amounts to a general denial of the material allegations of the complaint, the defendant sets up the following

additional defenses, viz.: (a) That the regulations under which the military police involved were operating specifically prohibit the riding of civilians in Government vehicles; (b) that the acts complained of by the plaintiff were without the course and scope of employment and not in the line of duty of the agents of the defendant thereby relieving the defendant of any liability; (c) a specific denial to the allegations of the complaint as to the negligent, careless, reckless, wanton acts of the defendant's agents.

### Findings of Fact

1. Plaintiff's intestate came to his death while riding in an army vehicle.

2. That on August 29, 1948, the date of death of plaintiff's intestate, the army vehicle in question was being operated by Corporal Johnnie T. Mims, who was the authorized driver of the vehicle on duty as a military policeman at the time of the accident.

3. That on August 29, 1948, the army vehicle operated by Corporal Johnnie T. Mims and occupied by Private Oscar Suggs, Jr. and the plaintiff's intestate, L. O. Harris, was en route to Columbia, South Carolina, on South Carolina State Highway No. 218.

4. That on the date of the accident the regulations governing Fort Jackson prohibited the transportation by military personnel of civilians in Government vehicles unless specifically authorized.

5. No authorization had been given to the military personnel involved in this accident to transport the plaintiff's intestate.

6. Corporal Johnnie T. Mims and Private Oscar Suggs, Jr. were returning to the City of Columbia after having made an inspection of Silver Lake Club, and plaintiff's intestate, L. O. Harris, was being given a ride back to the City of Columbia at his own request, after having been advised that it was against the regulations to ride civilians in Government vehicles.

7. At a point just outside the City of Eau Claire between the Silver Lake Club and the City of Columbia, at three o'clock a. m., the Government vehicle ran off the road, or was caused to run off the road, and into a culvert, and as a result of the accident plaintiff's intestate died at the Columbia Hospital at 7:15 a. m., on August 29, 1948.

### Conclusions of Law

Whether or not the defendant United States of America was guilty of actionable negligence through the acts of its agents and servants in the instant case must be determined by the South Carolina law, since the Federal Tort Claims Act, 28 U.S.C.A. § 1346, provides that the United States shall be liable, "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The operator of the Government vehicle allowed plaintiff's intestate to ride in the Government vehicle contrary to regulations in force at the time, and the intestate was on notice that his presence in the army vehicle was unauthorized. Therefore, the agent had deviated from the course and scope of his authority insofar as to be binding upon the United States.

The plaintiff's intestate was a trespasser (as to the United States) on the Government vehicle and did, therefore, under the South Carolina Guest Statute, Code 1942, § 5908, have to meet the burden of proving that the accident was intentional on the part of the Government driver, or caused by heedless or reckless disregard for the rights of others. There is no evidence to this effect in the present case.

I conclude, that the plaintiff is not entitled to relief under the Federal Tort Claims Act because the driver of the Government vehicle was not acting within the course and scope of his employment, and plaintiff's intestate was aware of this fact when he was riding in the Government vehicle.

It is ordered, that the plaintiff take nothing and that this action be dismissed with prejudice.